In re THOMLINSON CO. et al.

(Circuit Court of Appeals, Eighth Circuit. May 13, 1907.)

No. 77.

1. BANKRUPTCY—REVISION OF PROCEEDINGS—PETITION—TIME.

Under Act Cong. March 3, 1891, c. 517, § 11, 26 Stat. 829 [U. S. Comp. St. 1901, p. 552], providing that no appeal or writ of error by which any order, judgment, or decree may be reviewed in the Circuit Court of Appeals shall be sued out except within six months after the entry of the order, etc., sought to be reviewed, a petition to revise an order entered in bankruptcy proceedings, denying the bankrupt's motion to quash the service of the subpœna, not filed within six months, is ineffectual. ·

[Ed. Note.—Appeal and review in bankruptcy cases, see notes to In re Eggert, 43 C. C. A. 9.]

2. SAME—ACTS OF BANKRUPTCY—BILL OF SALE—GENERAL ASSIGNMENT.

A business concern, being in financial difficulties, executed an instrument reciting that, whereas they were indebted to various parties whose claims were due, and that they were unable to pay the same in the regular and ordinary course of business, they thereby sold and set over to M. in trust all their general stock of merchandise, book accounts, and matters receivable, amounting, etc., conditioned that M. would dispose of and sell the same according to his judgment at retail or public sale, and collect all the accounts, and with the proceeds pay pro rata all their creditors, a list of whom was attached, with the amounts due each, and to return any surplus to the grantors on demand. *Held*, that such instrument was not a mortgage, but a general assignment for the benefit of creditors, and therefore constituted an act of bankruptcy.

On Petition for Review.

Edward A. Haid (R. N. McConnell, on the brief), for petitioners. Fred S. Caldwell, for respondent.

Before SANBORN, HOOK, and ADAMS, Circuit Judges.

ADAMS, Circuit Judge. This is an original petition, filed October 1, 1906, by the bankrupt to revise in matter of law certain proceedings taken by a bankruptcy court in the territory of Oklahoma in the matter of Thomlinson Company, bankrupts. That court on May 26, 1905, denied the bankrupts' motion to quash service of the subpœna, and on May 12, 1906, ruled that a certain instrument executed by the bankrupts was a general assignment for the benefit of creditors, within the meaning of section 3, subd. 4 of the bankruptcy act of 1898, as amended by the act of February 5, 1903, and thereupon made the order of adjudication. To revise these two rulings, deemed by the petitioners to be erroneous, the present proceeding was instituted.

1. The petition to revise was filed more than 16 months after the order was made denying the motion to quash. An order can be challenged by an original petition in this court only when filed within 6 months after it was made. In re Holmes, 73 C. C. A. 491, 142 Fed. 391; Act March 3, 1891, c. 517, § 11, 26 Stat. 829 [U. S. Comp. St. 1901, p. 552]. We therefore cannot consider the merits of the first question submitted to us.

2. The instrument claimed not to be a general assignment is as follows:

"Bill of Sale.

"Oklahoma City, Okla., March 25, '05.

"Whereas, the undersigned is indebted to various parties whose claims are now due and payable, and that the undersigned is unable to pay the same in the regular and ordinary course of business, we hereby sell and set over to R. N. McConnell, Oklahoma City, Oklahoma, in trust all of our general stock of merchandise situated at No. 6 West Grand Avenue, said city, with all our book accounts and matters receivable, amounting to about $2,397.14, conditioned that said R. N. McConnell will according to his judgment dispose and sell all of said stock of goods at retail or public sale, and collect all of said accounts, and with the proceeds pay pro rata all of our creditors, a list of which, with their address and respective amounts due, is hereto attached. That said proceeds as fast as realized by said trustee is to be paid over whenever there is sufficient funds to pay 10 per cent. dividend after having first paid whatever necessary expense there may have been incurred under said trust by way of replenishing said stock and conducting said business in the usual retail way. Immediate possession is hereby given to said R. N. McConnell on this day, and he is hereby directed to proceed and dispose of all of said assets, and pay all of said indebtedness so far as the assets will pay, and any surplus, if there be any, returned to the undersigned on demand. [Signed] Thomlinson Company,

"Per A. Thomlinson.

"Witness: L. H. Carr.

"I accept the above and foregoing trust.

[Signed] R. N. McConnell, Trustee."

McConnell took possession of the property conveyed, and proceeded to execute the trust imposed upon him. In our opinion the instrument in question was a general assignment for the benefit of creditors within the true meaning of the bankruptcy act, and was an act of bankruptcy warranting the adjudication. The "general assignment" there contemplated is to be taken in its generic sense, and embraces any conveyance at common law or by statute by which the parties intend to make an absolute and unconditional appropriation of the property conveyed to raise funds to pay the debts of the vendor, share and share alike. Appolos v. Brady, 1 C. C. A. 299, 49 Fed. 401; Bartlet v. Teah (C. C.) 1 Fed. 768; In re Gutwillig, 90 Fed. 475, 34 C. C. A. 377, 92 Fed. 337; In re Sievers (D. C.) 91 Fed. 366; Davis v. Bohle, 34 C. C. A. 372, 92 Fed. 325. Such a conveyance inevitably thwarts operation of the bankruptcy act.

The instrument now under consideration conforms fully to the above definition. It makes an absolute and unconditional conveyance of the debtor's property to a trustee of its own choosing, to be sold to raise a fund for the payment of all its creditors, share and share alike. It is therefore obnoxious to the provisions of the bankruptcy act, which confers the right of administering an insolvent debtor's estate upon a trustee to be chosen by and in the interest of the creditors, and constitutes an act of bankruptcy. Rumsey & Sikemeier Co. v. Novelty & Machine Mfg. Co. (D. C.) 99 Fed. 699.

The general statement made in the last-cited case by the writer of this opinion when district judge, that the conveyance there under consideration contains such a reservation of an equity or such a condition of defeasance as made it a mortgage instead of a general assignment, upon which counsel for petitioners now place some reliance, was, as a general proposition, independent of the facts of that case, ill advised, and cannot be followed.

The instrument in question does not contain any of the elements of a mortgage, as insisted upon by bankrupts' counsel. The idea that it was intended as a security for the ultimate payment of the debts of the vendor, or that a reservation of a right to redeem whenever the vendor should pay its debts was intended, is not remotely suggested by any of the terms of the instrument; in other words, there is no right of redemption reserved. The provision at the end of the instrument, requiring a surplus, if any, to be paid to the vendor, cannot be regarded as such reservation. It is nothing more than an expression of what the law implies. If, after all the property had been disposed of, and all the creditors had been fully paid and all the expenses satisfied, any surplus remained, it belonged as a matter of law to the debtor, and no formal statement to that effect can change the legal and obvious import of the instrument from a general assignment for the payment of debts to a provision for their security in the nature of a chattel mortgage.

Having disposed of the last question on its merits in favor of the creditors, a consideration of their motion to dismiss the petition for technical reasons is unnecessary. It will therefore be formally denied, and the petition to revise will be dismissed. It is so ordered.