CHARLES S. GILL, Plaintiff in Error, v. FARMERS & MANUFACTURERS BANK, Defendant in Error

### Kansas City Court of Appeals, April 5,

1. **BANKRUPTCY: Special Deposit: Assignment.** A debtor made a special deposit of a sum of money, constituting all of her assets, with a bank to be paid pro rata to her creditors, the bank being one of them. It was *held* that such deposit was an assignment for the benefit of creditors, and as such, was an act of bankruptcy.

2. ———: **Fraud: Solvency.** A general assignment for the benefit of creditors is an act of bankruptcy, within the meaning of the bankrupt law, without regard to actual fraud by the bankrupt, or his solvency or insolvency.

3. ———: **Courts of Bankruptcy: Rights of Referee.** The courts of bankruptcy are the tribunals to administer a bankrupt's estate, and an assignment by the debtor, within four months of bankruptcy, thwarts the operation of the bankrupt law and is void; and the property assigned may be recovered from the assignee by the trustee in bankruptcy.

Error to Bates Circuit Court.—*Hon. C. A. Calvird,* Judge.

REVERSED AND REMANDED.

*Sherman & Landon* and *W. V. Thompson* for plaintiff in error.

The petition stated a cause of action and the court committed error in sustaining the demurrer for the reason that upon filing the petition in bankruptcy any right or title the defendant might have acquired ceased, and upon the adjudication in bankruptcy the title to the fund vested in the trustee. National Bankruptcy Act, sec. 3, A-4, sec. 70, sec. 47; West Co. v. Lea Bros.,

189MA26

174 U. S. 590, 43 L. Ed. 1099; In re Tomlinson Co., 154
Fed. 834; Thomas v. Woods, 173 Fed. 585; Randolph
v. Scruggs, 190 U. S. 533, 47 L. Ed. 1165; In re Sievers,
91 Fed. 366; Davis v. Bohle, 92 Fed. 325; Mueller v.
Nugent, 184 U. S. 1, 46 L. Ed. 405; In re Gutwiling, 92
Fed. 337; In re Smith, 92 Fed. 135.

*Templeton & Hales, Frank W. Yale* and *Ernest S.
Ellis,* for defendant in error.

Under Bankruptcy Act, July 1, 1898, providing
that the trustee is vested by operation of law with the
bankrupt estate as of the date he was adjudged a bank-
rupt, the trustee takes title not as an innocent pur-
chaser, but subject to all valid liens, claims and equi-
ties. Palmer v. Welch, 171 Mo. App. 582; York Mfg.
Co. v. Cassell, 201 U. S. 344; Security Warehouse Co.
v. Hand, 206 U. S. 415; Bryant v. Swofford, 214 U. S.
279.

ELLISON, P. J.—This action arises on a petition
to which a demurrer was sustained on the ground that
it did not state facts sufficient to constitute a cause of
action. The following facts appear from the petition:
Susan L. Ames was indebted to a number of creditors,
the defendant bank being one of them. She owned a
stock of merchandise and sold it for $3424.60. This
sum constituted all of her assets and, on the 20th of
April, 1910, she deposited it with the defendant bank
as a special deposit to be distributed by the bank *pro
rata* among all her creditors and that defendant ac-
cepted the deposit for such purpose and no other. But
that defendant denies that it received the money as a
*special* deposit to be distributed *pro rata* among her
creditors and has attempted to apply a greater part of
it in liquidation of its own claim. That on the 23rd of
April, three days after the deposit, a part of her cred-
itors filed an involuntary petition in bankruptcy against
her and that she was adjudged a bankrupt on the 7th

of July following and plaintiff was then elected and qualified as trustee in bankruptcy of her estate. That on the filing of the petition in bankruptcy, the referee issued an order to defendant restraining it from disposing of any part of said deposit. That thereupon plaintiff applied for an order requiring defendant to pay over to him as trustee in bankruptcy the sum so deposited with it by Susan L. Ames. Defendant was ordered to appear before the referee and show cause. It did appear and "filed a plea to the jurisdiction of the court and denied its right to issue the order on the ground that it held said sum of money as an adverse claimant." The petition further alleges that the proceeding was taken to the United States Circuit Court of Appeals. It is then alleged that that court in delivering its opinion (190 Fed. 726) stated: "The litigation over the validity of the plea to the jurisdiction in this case has occupied so much time and the probability that the bank's claim is colorable is so slight that it seems to us that the better course for the officers below to pursue in this case is to dismiss the petition of the trustee for the order to pay over the money and to let the parties litigate their controversy in a plenary suit." To that end the court ordered a dismissal of plaintiff's application for an order requiring defendant to pay to him said deposit, on the ground that it ought not to be tried summarily. This action followed.

We are of the opinion that the law of the case is with the plaintiff and that the demurrer to his petition should have been overruled. The facts stated, when reduced to their real meaning, are that only three days before the institution of proceedings in bankruptcy the bankrupt handed over all her assets to defendant as one of her creditors with directions to pay them, including itself, their *pro rata* share of the amount; and that defendant accepted the trust. This was, in substance, and effect, an assignment for the benefit of creditors, within the meaning of the bankruptcy act. A

general assignment is an act "by which the parties intend to make an absolute and unconditional appropriation of the property conveyed to raise funds to pay the debts of the vendor; and "such a conveyance *inevitably thwarts the operation of the bankruptcy act.*" [In re Thomlinson Co., 154 Fed. 834.]    (Italics ours.)   It is, says the court in that case, "obnoxious to the provisions of the bankruptcy act, which confers the right of administering an insolvent debtor's estate upon a trustee to be chosen by and in the interest of the creditors and constitutes an act of bankruptcy." An assignment for the benefit of creditors is itself an act of bankruptcy without regard to whether actual fraud was intended by the debtor, or whether he is solvent or insolvent.   [West Co. v. Lea, 174 U. S. 590.] It is said in Randolph v. Scruggs, 190 U. S. 533, 536, that it could not be denied that "a general assignment for the benefit of creditors, made within four months from the filing of a petition in bankruptcy, is void as against the trustee in bankruptcy (so far as it interferes with his administering the property assigned."

It is manifest that to sustain the position taken by the defendant, we would put it in the power of a bankrupt to transfer administration of his estate from the bankruptcy court to some persons of his own choosing.   This bankrupt's assets within four months (within three days in fact) of the bankruptcy was specially deposited with defendant (that is transferred to defendant) to be used in paying all creditors *pro rata.*  It is common for a supposed debtor to dispute owing one claiming to be a creditor; or, if admitting a debt, dispute the amount of it.   So creditors often do not agree among themselves.   Some claim preferences, liens, or other equities.   Selfish claims, or honest mistakes make their appearance.   Who is to settle these conflicts? Congress, under its power to enact laws in bankruptcy, has placed that jurisdiction in the Federal courts.   If the bankrupt may also select the tribunal, then we have

the anomaly of two jurisdictions administering the same estate.

The judgment is reversed and the cause remanded. All concur.