In re UTLEY et al.

(District Court, E. D. Pennsylvania. September 29, 1916.)

No. 5877.

BANKRUPTCY ⬦60—ACTS OF BANKRUPTCY—LIABILITY TO ADJUDICATION.

While the main purpose of the Bankruptcy Act is to secure equality among creditors in the distribution of the bankrupt's estate, nevertheless one who has made a general assignment for the benefit of creditors may, though he is solvent, be adjudicated a bankrupt, for Bankruptcy Act July 1, 1898, c. 541, § 3a(4), 30 Stat. 546 (Comp. St. 1913, § 9587), declares the making of the general assignment for creditors an act of bankruptcy, and one of the purposes of the act is to distribute the assets of the debtor among his creditors, and a debtor cannot, by making an assignment, delay such distribution.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 80; Dec. Dig. ⬦60.]

In Bankruptcy. In the matter of the alleged bankruptcy of James S. Utley and others. Sur motion for adjudication in bankruptcy on involuntary petition. Motion continued.

Albert S. Longbottom, of Philadelphia, Pa., for petitioning creditors.
William J. Conlen, Joseph S. Conwell and Henry, Pepper, Bodine & Pepper, all of Philadelphia, Pa., for alleged bankrupts.

DICKINSON, District Judge. The question involved in this motion as viewed by the petitioning creditors is one purely of law. It developed at the argument, however, that there is at least possibly a question of fact also involved. The question of law may be thus presented. A debtor possessed of ample assets to more than meet all his obligations nevertheless transfers all his property in trust for the ben-

efit of his creditors, the transaction constituting a general assignment for the benefit of creditors under the provisions of the Pennsylvania law. A petition in involuntary bankruptcy is filed in the usual form, averring insolvency and alleging as the ground of bankruptcy that designated as "(4)" in the bankruptcy statute, to wit, that he had made a general assignment for the benefit of his creditors. An answer is filed, denying insolvency, but admitting the fact averred in the alleged act of bankruptcy. The question arising is whether the assignment for the benefit of creditors without accompanying insolvency is an act of bankruptcy justifying an adjudication.

A few general observations may serve to clarify a view of this question. The main purpose of a bankrupt law is undoubtedly to secure equality among creditors in the distribution of the estate of the bankrupt. Solvency is a negation of this purpose, and in this sense is inconsistent with and hence destructive of the very idea of bankruptcy. None the less the objective of the law remains and if distribution of the assets of the debtor be made independently of action by creditors or a creditor, the hands of the creditors are tied, and the payment of their claims must await the event of distribution. Because of this it may well be a further policy of the bankrupt law not to permit any tribunal other than that constituted by the bankrupt law from thus taking it out of the power of creditors to enforce the payment of their claims. The bankrupt law may, in consequence, have the double purpose of taking over into its own hands the distribution, not only of the estates of insolvents, but also of those who have committed the distribution of their assets to a functionary constituted by themselves or by a state law. This narrows the inquiry to whether the bankrupt law was intended to serve one of these purposes or both.

A cursory reading of the Acts of Congress might produce the impression that bankruptcy proceedings were limited to insolvency. When more closely read, however, especially in the light shed by the opinion of the court in West Co. v. Lea Bros., 174 U. S. 590, 19 Sup. Ct. 836, 43 L. Ed. 1098, it is made clear that the attempt of a debtor through the operation of a general assignment for the benefit of creditors to place his property out of the reach of his creditors, even for the laudable purpose of assuring to them the ultimate payment of their claims, constitutes in itself an act of bankruptcy irrespective of a question of solvency. This case disposes of the legal question referred to, and makes further discussion useless.

At the argument, however, two facts, or at least possible state of facts, developed. One was the undoubted solvency of the debtor. The other was the distinction between the act set forth as a ground of bankruptcy having in fact been consummated, or in reality only attempted, and the attempt being subsequently abandoned, and of acts done toward its consummation withdrawn. The real facts may therefore change the legal situation.

In view of this the present motion is continued, and leave is granted to file a further or amended answer setting forth the facts as they really are. If the answer as thus filed, in the judgment of the peti-

tioning creditors, is insufficient, the present motion may be renewed; otherwise it may be withdrawn or called up and disposed of by the court.