MOODY-HORMANN-BOELHAUWE v. CLINTON WIRE CLOTH CO. et al.

(Circuit Court of Appeals, Fifth Circuit. November 28, 1917.)

No. 3154.

1. BANKRUPTCY ⬅81(1)—ADJUDICATION—PETITION.

Under Bankruptcy Act July 1, 1898, c. 541, § 3, subd. a (4), 30 Stat. 546, as amended by Act Feb. 5, 1903, c. 487, § 2, 32 Stat. 797 (Comp. St. 1916, § 9587), declaring that a general assignment for benefit of creditors shall be an act of bankruptcy, a petition for the adjudication of one as a bankrupt on the ground of a general assignment for creditors need not allege the assignor's insolvency.

2. BANKRUPTCY ⬅60—ACTS OF BANKRUPTCY—GENERAL ASSIGNMENT FOR CREDITORS.

Under Rev. St. Tex. 1911, art. 1205, declaring that a corporation is dissolved where four-fifths in interest of all of the stock outstanding shall vote in favor of a dissolution; article 1206, declaring that upon dissolution of any corporation, unless a receiver is appointed by some court, the president and directors and manager of the corporation at the time of its dissolution, by whatever name they may be known in law, shall be trustees for the creditors and stockholders, with full power to settle the corporate affairs, collect the outstanding debts, and divide the moneys and other property among the stockholders, after paying the debts due and owing by such corporation at the time of its dissolution, as far as such money and property will enable them, and to this end they may, in the name of such corporation, sell, convey, and transfer all real and personal property belonging to the corporation, collect all debts, compromise controversies, etc.; and article 1207, declaring that such trustees shall

be severally responsible to the creditors and stockholders of the company—a Texas corporation was dissolved by vote of the stockholders, the directors being named as trustees to liquidate the affairs of such corporation. *Held* that, though the dissolution and transfer of corporate property to the directors was effected through the agency of the stockholders, yet it was a transfer by the corporation of all of its property, in the nature of an assignment for the benefit of creditors, and amounted to an act of bankruptcy within Bankruptcy Act, § 3, subd. a (4), as amended by Act Feb. 5, 1903, c. 487, § 2.

3. BANKRUPTCY ☞467—APPEAL—PERSONS ENTITLED TO ALLEGE ERROR.

A Texas corporation having been dissolved by a vote of stockholders, and its property pursuant to statute transferred to the directors as trustees, its creditors filed against it a petition in involuntary bankruptcy. The directors demurred to the petition, and, demurrer being overruled, the corporation was adjudicated a bankrupt, despite its answer applying for jury trial. The directors alone appealed, and they assigned as error that, having duly demanded a jury trial, and an order having been duly entered allowing a trial by jury, and the directors having filed an answer denying the allegations of the petition, the court erred in rendering a decree on demurrer adjudicating the corporation bankrupt. *Held,* that as the record did not show that the directors filed any ·pleading to the petition, other than the demurrer, though showing that the corporation filed an answer to the petition, denying its allegations, and demanding a jury trial, the directors cannot, the corporation not objecting, complain of the manner in which the court disposed of the issue of fact raised.

4. BANKRUPTCY ☞60—ACTS OF BANKRUPTCY—"GENERAL ASSIGNMENT" FOR CREDITORS.

A "general assignment," within the meaning of Bankruptcy Act, § 3, subd. a (4), as amended by Act Feb. 5, 1903, c. 487, § 2, providing that the making of a general assignment for the benefit of creditors shall constitute an act of bankruptcy, embraces any act by the alleged bankrupt having the effect of a conveyance of all its property and an appropriation of it to raise funds to pay its debts, share and share alike.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, General Assignment.]

Appeal from the District Court of the United States for the Western District of Texas; Duval West, Judge.

In the matter of the bankruptcy of Moody-Hormann-Boelhauwe, a corporation. On petition of the Clinton Wire Cloth Company and others, after the demurrer of W. C. Moody, Karl E. Hormann, and Charles T. Boelhauwe was overruled, Moody-Hormann-Boelhauwe, a corporation, after jury trial, was adjudicated a bankrupt, and the individual defendants appeal. Affirmed.

The petition of creditors of Moody-Hormann-Boelhauwe, a corporation organized under the laws of the state of Texas, to have that corporation adjudged bankrupt, alleged that "the said alleged bankrupt made a general assignment for the benefit of its creditors, said assignment having been made, as petitioners are informed, during the latter part of June or early part of July, 1916, the nature of said assignment being that prior to the 1st day of June, 1916, said alleged bankrupt had become insolvent, and had ceased to be a going concern, and steps were taken looking to a dissolution of said corporation and the liquidation of its affairs, and that thereafter a meeting of the stockholders of said corporation was duly held in accordance with law, and by unanimous vote of the stockholders of said alleged bankrupt it was decided that said corporation should be dissolved, and that all ·of its affairs

should be liquidated, and that the directors of the company, to wit, W. C. Moody, Karl E. Hormann, and Charles T. Boelhauwe, were named as trustees to liquidate the affairs of said alleged bankrupt, and that they are still acting, or attempting to act, in such capacity, and that immediately thereafter said trustees aforementioned did file in the office of the secretary of state of the state of Texas such documents required by law for the dissolution of the alleged bankrupt, and that thereupon said W. C. Moody, Karl E. Hormann, and Charles T. Boelhauwe became the trustees of the creditors and stockholders of said alleged bankrupt; and petitioners allege that the effect of said proceedings and the transfer of the assets of said alleged bankrupt to said above-mentioned parties as trustees, with power vested in them to settle the affairs of the said alleged bankrupt, collect its outstanding debts, divide the moneys thereof, etc., was virtually a general assignment for the benefit of the creditors of the alleged bankrupt." W. C. Moody, Karl E. Hormann, and Charles T. Boelhauwe demurred to the petition, on the ground that "the same shows on its face that the alleged act of bankruptcy is not an act of bankruptcy under the law." This demurrer was overruled, and the corporation was adjudged bankrupt. The record does not show that the demurrants pleaded to the petition after their demurrer was overruled. The individuals who interposed the demurrer appealed from the above-mentioned decree.

Don A. Bliss, of San Antonio, Tex., for appellants.

H. M. Aubrey, of San Antonio, Tex. (Schlesinger & Schlesinger, of San Antonio, Tex., on the brief), for appellee.

Before WALKER and BATTS, Circuit Judges, and FOSTER, District Judge.

WALKER, Circuit Judge (after stating the facts as above). [1] The Texas statute provides that "a corporation is dissolved * * * where four-fifths in interest of all the stock outstanding shall vote in favor of a dissolution at a stockholders' meeting called for that purpose" in a manner prescribed by the statute, and a prescribed certificate showing such action is filed with the Secretary of State. Revised Statutes of Texas (1911), art. 1205. The two articles of the Revised Statutes immediately succeeding the one just cited are the following:

"Art. 1206. Upon the dissolution of any corporation, unless a receiver is appointed by some court of competent jurisdiction, the president and directors or managers of the affairs of the corporation at the time of its dissolution, by whatever name they may be known in law, shall be trustees of the creditors and stockholders of such corporation, with full power to settle the affairs, collect the outstanding debts, and divide the moneys and other property among the stockholders, after paying the debts due and owing by such corporation at the time of its dissolution, as far as such money and property will enable them after paying all just and reasonable expenses; and to this end, and for this purpose, they may, in the name of such corporation, sell, convey and transfer all real and personal property belonging to such company, collect all debts, compromise controversies, maintain or defend judicial proceedings, and to exercise the full power and authority of said company over such assets and properties; and the existence of every corporation may be continued for three years after its dissolution from whatever cause for the purpose of enabling those charged with the duty to settle up its affairs; and, in case a receiver is appointed by a court for this purpose, the existence of such corporation may be continued by the court so long as in its discretion it is necessary to suitably settle up the affairs of such corporation.

"Art. 1207. The trustees mentioned in the preceding article shall be severally responsible to the creditors and stockholders of such corporation to the extent of its property and effects that shall have come into their hands."

If the allegations of the petition showed the making by the corporation of a general assignment for the benefit of its creditors, an allegation of the corporation's insolvency was superfluous. Bankruptcy Act, § 3, subd. a (4), as amended by Act Feb. 5, 1903, c. 487, § 2, 32 Stat. 797; West Co. v. Lea, 174 U. S. 590, 19 Sup. Ct. 836, 43 L. Ed. 1098; Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814; In re Louis Neuburger, Inc., 240 Fed. 947, 153 C. C. A. 633.

[2, 4] A general assignment, within the meaning of the cited provision of the Bankruptcy Act, embraces any act by the alleged bankrupt having the effect of a conveyance of all its property and an appropriation of it to raise funds to pay its debts, share and share alike. The name and form which the transaction assumes are not material. In re Thomlinson Co., 154 Fed. 834, 83 C. C. A. 550; In re Utley (D. C.) 235 Fed. 905; 5 Corpus Juris, 1118. The Texas statute (article 1206, supra) gives to the action alleged the effect of divesting the corporation of the title to all its property and vesting it in designated persons as—

"trustees of the creditors and stockholders of such corporation, with full power to settle the affairs, collect the outstanding debts, and divide the moneys and other property among the stockholders, after paying the debts due and owing by such corporation at the time of its dissolution, as far as such money and property will enable them after paying all just and reasonable expenses; and to this end and for this purpose they may, in the name of such corporation, sell, convey and transfer all real and personal property belonging to such company, collect all debts, compromise controversies, maintain or defend judicial proceedings, and to exercise the full power and authority of said company over such assets and properties."

We do not think that there is any merit in the suggestion that the transaction alleged was one by the corporation's stockholders, and was not one by the corporation, because not effected by the officers or agents of the corporation having authority to bind it. An effect of the statute is to make the corporation's stockholders the agency by which a conveyance or transfer of its property and an appropriation of it to raise funds to pay its debts, share and share alike, are accomplished. The transfer was as effectually that of the corporation as it would have been if made in the name of the corporation, by its officers or agents ordinarily vested with authority to take such action in its behalf. The conclusion is that the transaction alleged had the essential features of a general assignment for the benefit of creditors, within the meaning of the above-cited provision of the Bankruptcy Act. This being so, the Bankruptcy Act gave the corporation's creditors the right to have it adjudged bankrupt and to have its assets administered by the bankruptcy court, instead of by the trustees in effect nominated by its stockholders.

[3] As above stated, the appeal is by W. C. Moody, Karl E. Hormann, and Charles T. Boelhauwe, directors. They assign as error that:

"These complainants having duly demanded a jury trial, and an order having been duly entered allowing a trial of this cause by jury, and these complainants having filed an answer in this cause denying the allegations of plaintiffs' petition herein, the court erred in rendering a decree on demurrer adjudicating Moody-Hormann-Boelhauwe a bankrupt."

The record does not show that appellants filed any pleading to the petition, except a demurrer. It does show that the alleged bankrupt filed an answer to the petition, denying its allegations and demanding a trial by jury of the issues involved in the cause. The bankrupt is not in this court making complaint of the manner in which the issue of fact it tendered was tried. We are not of opinion that the appellants, who tendered only an issue of law, can here sustain a complaint as to the method of disposing of an issue of fact which they did not raise.

The decree appealed from is affirmed.