In re MATSON.

(District Court, M. D. Pennsylvania. June 2, 1903.)

No. 310.

1. BANKRUPTCY—WHO MAY BECOME BANKRUPT—PERSONS ENGAGED IN FARMING.
   The owner of a farm upon which he resides, but who has leased the same for a year for a money rental, is not engaged in farming, and may be adjudged an involuntary bankrupt, under Bankr. Act 1898, § 4b, Act July 1, 1898, 30 Stat. 547, c. 541 [U. S. Comp. St. 1901, p. 3423].

In Bankruptcy. Sur creditors' petition. Case stated.

Wm. Maxwell, for bankrupt.
Mial E. Lilly, contra.

ARCHBALD, District Judge. No doubt the respondent, as the owner of a farm and lately engaged in its cultivation, would, in common parlance, be classed as a "farmer." But while he still owns his farm and resides upon it, he has leased it for the current year on a

¶ 1. What persons are subject to bankruptcy law, see note to Mattoon Nat. Bank of Mattoon, Ill., v. First Nat. Bank, 42 C. C. A. 4.

money rent to his son, and had at the time the petition in bankruptcy was filed against him. He is not now, in consequence, engaged in farming, within the meaning of the act, any more than any one who owns a farm, but has committed its tillage to another, and he is to be judged by his present occupation, and not by his past; nor can we speculate as to what he may do in the future. On the agreed statement of facts, therefore, the petition must be sustained, and the respondent adjudged a bankrupt.

Let a formal order to that effect be drawn.