STEPHENS v. MERCHANTS' NAT. BANK OF AURORA, ILL., et al.

(Circuit Court of Appeals, Seventh Circuit. April 16, 1907.)

No. 1,326.

1. BANKRUPTCY—INVOLUNTARY PROCEEDINGS—REVIEW ON APPEAL.

A finding by a referee, confirmed by the District Court, that an alleged bankrupt was not chiefly engaged in farming, but was amenable to the bankruptcy law, will not be disturbed on appeal where the evidence left the question uncertain on the facts.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 926.]

2. SAME—RIGHT TO JURY TRIAL.

Bankr. Act July 1, 1898, c. 541, § 19a, 30 Stat. 551 [U. S. Comp. St. 1901, p. 3429], does not entitle an alleged bankrupt to a jury trial where by his answer he admits his insolvency and the commission of the alleged acts of bankruptcy but alleges that he is not amenable to bankruptcy proceedings because chiefly engaged in farming.

[Ed. Note.—Right to trial by jury in federal court, see notes to O'Connell v. Reed, 5 C. C. A. 603; Vany v. Peirce, 26 C. C. A. 528.]

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Charles C. Buell, for appellant.
Charles V. Miles, for appellees.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge. Upon a petition filed January 2nd, 1906, by the Merchants National Bank of Aurora, appellee, against the appellant, charging that the appellant was then insolvent, and that he had committed various acts of bankruptcy within section three of the Bankruptcy Act of July 1, 1898 (30 Stat. 546, 547, c. 541 [U. S. Comp. St. 1901, p. 3422]) and the answer of the appellant thereto confessing that he was insolvent, and that he had committed the acts of bankruptcy, but averring that he was a person not amenable to the bankruptcy law of the United States, by reason of the fact that he was a person chiefly engaged in farming, the appellant was declared a bankrupt. Two assignments of error to this order are pressed: The first, that the court erroneously overruled the application of appellant that the question whether he was amenable to the bankruptcy act, by reason of his being a person chiefly engaged in farming, should be tried by jury, and the second, that though found by the referee, affirmed by the District Court, to be a person not chiefly engaged in farming, and therefore amenable to the bankruptcy law, such finding is so clearly against the weight of the evidence, that it ought to be set aside, and the order based thereon reversed.

Respecting the second assignment of error—an assignment based entirely upon the facts of the case—it is sufficient to say that though appellant was a farmer engaged in the tillage of thirty-five or forty acres of land, enjoying the rentals of twenty acres or more, and receiving compensation for pasturage upon seventy-five acres additional, the aggregate income from which, for the year 1905, is variously estimated, at from five hundred to thirteen hundred dollars, he was engaged also in the business of entertaining picnic parties— a business that involved a considerable outlay of money in the way of buildings, restaurant, dance hall, station house, and the like, and that carried with it for the year 1903, a current expenditure of about five thousand dollars; for the year 1904 of about three thousand dollars; and for the year 1905 about seventeen hundred dollars —a state of facts that leaves the question whether one thus engaged, and incurring constantly such liabilities independently of his avocation as a farmer, remains a person chiefly engaged in farming, one of such uncertainty (made still more uncertain by the uncertainty respecting his income as a farmer) that we feel bound to leave the determination of the referee and the District Court unmolested.

Section 19, a. of the Bankruptcy Act provides (a) A person against whom an involuntary petition has been filed shall be entitled to have a trial by jury, in respect to the question of his insolvency, except as herein otherwise provided, and any act of bankruptcy alleged in such petition to have been committed, upon filing a written application therefor at or before the time within which an answer may be filed; and upon this is based appellant's assignment of error that he was denied a jury trial.

The appellant admitted in his answer, as already stated, that he was insolvent, and that he had committed the acts of bankruptcy alleged, but insists that his right to a trial by jury extends also to the question whether he was a person chiefly engaged in farming—

the argument being that a person chiefly engaged in farming cannot commit an act of bankruptcy, wherefore the determination of whether an act of bankruptcy has been committed involves the question whether the appellant was a person chiefly engaged in farming. This argument, however, ignores the rule that in construing a statute, we must get at the intention of congress, and that in getting at the intention of congress, we must accept the rule that where things are described specifically, the section is meant to cover nothing except the things described; for the section states specifically, as a matter for trial by jury, the question of insolvency, a matter that under the rule would not have been thus separately set forth if every condition precedent to the right of the court to adjudge a man a bankrupt were included in the words "Act of Bankruptcy." Indeed "Acts of Bankruptcy" are used in this connection, as they are set forth in a preceding section of the statute, and are thus given a definite meaning. Whether one be chiefly engaged in farming or not has no relation, within this meaning, to any act of bankruptcy; but is a condition only to the jurisdiction of the bankruptcy court, and like other jurisdictional questions, is left to the court to determine in the absence of a jury, trial by jury not having been specifically provided.

The judgment of the District Court must be affirmed.