## GILKEY v. NATIONAL ALUMNI et al.

(Circuit Court of Appeals, Sixth Circuit.    April 13, 1923.)

No. 3878.

Bankruptcy ⬳68—Alleged bankrupt held not exempt as "engaged chiefly in farm-ing."

Where it was shown that an alleged bankrupt was a practicing physi-cian, maintaining an office and attending meetings of the medical society, such evidence was sufficient, prima facie, to show that such was his oc-cupation, and the statement of a witness that he was also engaged in farming did not entitle him to exemption from adjudication as a person "engaged chiefly in farming."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Farming.]

Appeal from the District Court of the United States for the Eastern District of Kentucky; Andrew M. J. Cochran, Judge.

In the matter of John A. Gilkey, alleged bankrupt, who appeals from an order of adjudication granted on the petition of the National Alum-ni and others, petitioning creditors. Affirmed.

Denis Dundon, of Paris, Ky., for appellant.

O. T. Hinton, of Paris, Ky., for appellees.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

PER CURIAM.    Gilkey appeals from the adjudication of bank-ruptcy. The only question is whether the evidence justified the find-ing that he was not chiefly engaged in farming.

The burden of proof was doubtless on the petitioning creditors to establish this negative; but the referee, acting as a master, and the Dis-trict Judge, concurred in the finding, and, to say the least, it does not appear to have been so unsupported by evidence, or so clearly wrong, as to justify a reversal. The proof was that Gilkey was a regular prac-ticing physician, who had maintained for five years a three-room office in an office building of the city where he lived, keeping regular office hours, and attending meetings of the local medical society. On cross-examination a witness for petitioning creditors stated that Dr. Gilkey was also engaged in farming. There was no further evidence by either party; the proof stopped there.

We think it sufficient to satisfy the initial burden, and as a practical matter to call upon Dr. Gilkey to produce further evidence, if he de-nied—what we think the natural inference from these proofs—that he was engaged in his profession, at least as much as in anything else.

The order of adjudication is affirmed.

⬳For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes