## EVANS v. FLORIDA NAT. BANK et al.*
### No. 5451.

Circuit Court of Appeals, Fifth Circuit.
March 6, 1930.

Jno. R. L. Smith, of Macon, Ga. (C. L. Shepard, of Ft. Valley, Ga., and Smith & Smith, Geo. A. Pindar, and John R. L. Smith, all of Macon, Ga., on the brief), for appellant.

Henry B. Troutman, of Atlanta, Ga., and Walter A. Harris and T. Baldwin Martin, both of Macon, Ga. (Harris, Harris & Popper, of Macon, Ga., Troutman & Troutman, of Atlanta, Ga., and Martin, Martin, Snow & Gillen, Walter A. Harris, and T. Baldwin Martin, all of Macon, Ga., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge.

The appellant was adjudged a bankrupt under an involuntary petition. The right to maintain the proceeding was contested on the ground that appellant was a "person engaged chiefly in farming" within the meaning of the exception contained in section 4 (b) of the Bankruptcy Act (11 USCA § 22 (b), which keeps a natural person so engaged from being subject to be adjudged an involuntary bankrupt.

The facts as to appellant's relation to farming were not in dispute. Individually he owned and operated farms aggregating about 3,000 acres. He participated in operating farms aggregating about 9,000 acres, which were owned by farming partnerships in which he had a half interest. He was an

officer and a large stockholder in ten corporations which owned and operated farms aggregating approximately 18,000 acres, in the management and operation of which he actively participated. He had other interests not directly connected with farming. It is not disputed that appellant was a person engaged chiefly in farming, if in operating a farm for a corporation he was engaged in farming within the meaning of the abovementioned exception. The court ruled that appellant did not come within that exception.

Nothing in the language of the provision in question indicates that the word "engaged" was intended to have a meaning different from that in which it is commonly used with reference to one's relation to a business, occupation, or pursuit in which he employs his attention or efforts. And we know of no other reason for giving a different meaning to that word as it is used in the provision in question. A common use of that word is to describe one's relation to a business in which he acts, not for himself, but as an agent or employee of another who owns the business and controls its operation. Many instances of such a use of the word are found in decisions dealing with the Employers' Liability Act. That act creates a liability of a common carrier by railroad for injuries sustained by an employee while both the carrier and the employee are engaged in interstate commerce. Second Employers' Liability Cases, 223 U. S. 1, 32 S. Ct. 169, 56 L. Ed. 327, 38 L. R. A. (N. S.) 44; New York Central R. R. Co. v. Winfield, 244 U. S. 147, 37 S. Ct. 546, 61 L. Ed. 1045, L. R. A. 1918C, 439, Ann. Cas. 1917D, 1139, 45 USCA § 51 and notes.

There is no occasion to multiply instances of the authoritative recognition of the fact that an employee of an interstate corporate carrier may be engaged in interstate commerce, though his activities are in a business which is owned and controlled by his employer. The brief for appellant contains references to many statutes and decisions in which the word "engaged" is used to convey the meaning above indicated. The contention that for one who operates a farm to be engaged in farming within the meaning of the provision in question, he must operate it on his own account, and not for another, cannot be sustained, as words of limitation or restriction not found in the provision would have to be written into it for it to have such a meaning. We think the evidence showed that, within the meaning of the pro-

*Certiorari denied 50 S. Ct. —, 74 L. Ed. —.

628

vision in question, appellant was "a person engaged chiefly in farming." The above mentioned ruling was erroneous.

The judgment is reversed.