## In re GLASS.

## GLASS et al. v. FARMERS' LOAN & TRUST CO.

### No. 4562.

Circuit Court of Appeals, Seventh Circuit.

Nov. 12, 1931.

Earl B. Barnes, of Indianapolis, Ind., Richard F. Broadbent, of Elwood, Ind., and Charles M. Wells, of Indianapolis, Ind., for appellants.

Cleon Wade Mount and George H. Gifford, both of Tipton, Ind., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

PER CURIAM.

The only error assigned on this appeal is one which challenges the sufficiency of the evidence to support the master's finding (approved by the court) to the effect that Glass was, at the time of the filing of the involuntary petition, such a person as might be adjudged an involuntary bankrupt. Appellants contend that Glass was, at the time said petition was filed against him, "a person chiefly engaged in farming," and therefore could not be adjudged a bankrupt upon an involuntary petition.

While there are cases [In re Glick (C. C. A.) 26 F.(2d) 398; Evans v. Florida National Bank (C. C. A.) 38 F.(2d) 627] where, under their particular facts, the appellate courts have felt justified in holding that the evidence as a matter of law showed the bankrupt was chiefly engaged in farming, yet the present case, we think, is one where the finding of the master, approved by the court, should be accepted by us. The case is not entirely free from doubt, and under such circumstances the findings of the trial judge are controlling.

The finding has support in the facts, which, briefly narrated, are as follows: Glass was 72 years of age, and for some time prior to the filing of the petition was not actively engaged in any work or occupation; that he had at one time owned and operated farms; that he moved from the farm some 25 years ago, and has never since lived on or operated one; that about 1912 he built, owned, and for six years operated, a small telephone plant in Windfall, Ind. After selling his telephone plant, he tried without success to do some real estate business.

It further appeared that Glass, when the petition was filed against him, owned one farm and had an interest in another; that he had owned them for a long time; that he had never lived upon either farm, but rented them "on shares"; that he occasionally went

to the farm where he worked, although he was not required so to do; that he consulted with the tenant as to what crops should be raised, and when and where they should be sold.

His insolvency was occasioned by his signing notes for others.

We are of the opinion that such facts support a finding to the effect that he was not chiefly engaged in farming.

The decree is affirmed.