**In re DAY et al.**

**In re DAY'S ESTATE.**

No. 2612.

District Court, E. D. Illinois.

March 8, 1935.

■■■■■■■■■■■■■■■■

Doss, Glasgow & Morgan, of Monticello, Ill., for debtors and petitioner.

Robt. P. Shonkwiler and E. J. Hawbaker, both of Monticello, Ill., for mortgagees.

LINDLEY, District Judge.

The original petition was filed herein, under section 75 of the Bankruptcy Act as amended (11 USCA § 203), by petitioners as "personal representatives of a deceased farmer." The petition was duly approved and referred to the conciliation commissioner for the purpose of affording petitioners opportunity to present composition or extension proposal.

However, at the hearing before the conciliation commissioner, the latter, under misapprehension as to his duties, entertained an objection to the jurisdiction upon the part of the secured creditors, to the effect that the deceased was not a farmer within the meaning of that word as used in the amendment. Evidence was taken, and the conciliation commissioner reported that petitioners were not qualified to file a petition as "personal representatives of the deceased farmer," for the reason that the deceased was not a farmer within the meaning of that word as used in the statute.

The debtors excepted to the findings of the commissioner, and the matter came on to be heard before the court upon such exceptions.

The mortgagees, in possession of the farm land of the deceased, by virtue of a receivership arising out of foreclosure of mortgages in the state court, filed herein their petition to dissolve the restraining order originally entered by the court against the prosecution of the foreclosure proceedings and made their oral motion to set aside the order approving the petition as filed in good faith, basing said motion upon the fact that the deceased was not a farmer.

Thereupon the court heard additional evidence upon the issues thus submitted upon the exceptions to the reports of the conciliation commissioner, the petition of the secured creditors to vacate restraining order, and their motion to set aside the order approving the order as properly filed.

The deceased from the year 1920, until the time of his death in October, 1932, was superintendent of highways and county surveyor for the county of Piatt. He was a civil engineer by profession, maintained a civil engineering office, and, in addition to his public employment as superintendent of the highways and county surveyor, was engaged during substantially all the remainder of his time in performing for compensation services as a civil engineer for drainage districts and private parties. He owned 320 acres of land, subject to mortgage indebtedness. He did not live upon the farm, but lived in the village of Bement, and divided his time between his office there and the courthouse at Monticello, the county seat of Piatt county. The farm, from 1929 until his death, was occupied by a tenant, who paid crop rental to the deceased.

Books of account of the deceased were submitted to the court. Calculations of results of the entries therein were made by representatives of each of the parties. The petitioners contended that in the last-mentioned period of almost three years the deceased collected income from the farm of over $8,000 and from his private business $5,500. The mortgagees contended, however, that the deceased's income from the farm during said period was $4,635 and his income from his profession $9,330. The parties could not agree as to how much of the income included in the respective calculations as to the farm income represented proceeds of sale of grain raised prior to the beginning of the period. Nor could they agree as to the allotment of the earnings of the deceased as engineer; that is, whether certain parts should be allotted to one year or scattered over other years. If actual cash income only be taken into account during the three years in question, the income from the profession of engineering exceeded that from the farm. If we segregate certain fees arising from earnings as civil engineer for drainage districts over a period of ten years, a contrary result might be justified.

The court has labored with the books of the account, examined the same, drawn his own conclusions, and observed carefully the calculations submitted by the respective parties. My conclusion is that the income from the farm and from the engineering profession earnings were approximately the same.

For a part of the period in question the deceased advised with the tenant in looking after his interest in the farm's productions, but in the last year of his life he was not well enough to do this, and left it entirely with his son.

The question is squarely presented upon the record, therefore, as to whether the deceased was an individual who was "personally bona fide engaged primarily in farming operations" or "the principal part of whose income is derived from farming operations," as set forth in paragraph (r) of section 75 of the Bankruptcy Act. The original Bankruptcy Act (section 4 [11 USCA § 22]) provided that those engaged "chiefly in farming" are exempt from bankruptcy. The court is of the opinion that there is little distinction between the phrase "engaged chiefly in farming" and that of "personally * * * engaged primarily in farming" or that of "the principal part of whose income is derived from farming operations."

Consequently, the reasoning of the courts in interpreting the language used in the original act is persuasive. Thus it was held in Re Brown (D. C.) 284 F. 899, that one owning numerous farms which he leased to others on the so-called "co-operative plan," and engaging in various other activities, although spending far the largest part of his time in looking after his farms, is not a farmer, nor even a partner in the farming business; and in Re Matson (D. C.) 123 F. 743, that a mere owner of a farm leased to another is not engaged chiefly in farming, even though leased on shares. See, also, In re Glass, 53 F.(2d) 844. The latter case is a decision by the Court of Appeals of this circuit. There the bankrupt owned and operated farms. He also operated a small telephone plant. After selling the plant, he occasionally went to the farms where he worked. He never lived on either farm, but rented them on shares. He consulted with the tenants as to crops and sales. The lower court found, and the finding was approved, that he was not engaged chiefly in farming. Another case from this circuit to similar effect is that of Stephens v. Merchants' Bank (C. C. A.) 154 F. 341, and to the same effect is Gilkey v. National Alumni, 288 F. 196 (C. C. A. 6).

Independent of these adjudications, however, it would seem clear that in the present instance the deceased was not within the classification made in the recent amendment. His time was given almost exclusively to the practice of his profession, out of which he had a substantial income, probably at least one-half of his total income. He did not live upon the farm. At the most, he only conversed and consulted with the tenant as to crops, harvests, repairs, and sales. Surely in that situation it cannot be said that he was personally primarily engaged in farming. Primarily means basically or in such a manner as to be of first importance. Here the connection with farming was such as was incidental to looking after an investment and did not have to do with his basic employment.

Nor was he within the second definition of the act, one "the principal part of whose income is derived from farming operations." Principal means main, chief, of first importance. The showing made in this respect falls far short of sustaining an allegation bringing him within such language.

It follows that the motion to vacate the order approving the petition for the reason that the petitioners were not qualified to apply for relief under the section should be allowed. The petition to vacate the restraining order is likewise allowed. The exceptions to the report of the conciliation commissioner are overruled. The report is approved and the original petition is dismissed at the cost of the petitioners. Exception is allowed. The parties will be allowed 60 days within which to file certificate of evidence. Proper written order may be submitted.