In the Matter of Bert F. HINRICHS, Bankrupt.
Bert F. HINRICHS, Appellant,
v.
JOHN DEERE COMPANY OF MOLINE, Appellee.
No. 13866.

United States Court of Appeals
Seventh Circuit.
March 6, 1963.

Donald Page Moore, Chicago, Ill., for appellant.

William E. Collins, Charles H. Davis, Rockford, Ill., Baker & Wagner, Mendota, Ill., for appellees.

Before DUFFY, SCHNACKENBERG and CASTLE, Circuit Judges.

CASTLE, Circuit Judge.

John Deere Company of Moline, appellee, filed a creditor's petition in the District Court seeking that Bert F. Hinrichs, appellant, be involuntarily adjudicated a bankrupt. The appellant's answer denied insolvency and alleged he was a farmer—and thus exempt from being adjudged an involuntary bankrupt. After a hearing, the District Court adjudicated appellant a bankrupt and he appealed.

Appellant does not contest the District Court's findings with respect to his in-

solvency and his making of fraudulent transfers of property. He seeks reversal on appeal on the sole ground the District Court erred in not according him exempt status as a farmer. He contends the record establishes he was a farmer within the meaning of Section 4, sub. b of the Bankruptcy Act (11 U.S.C.A. § 22, sub. b) at the time the acts relied upon to constitute acts of bankruptcy were committed. He asserts that the finding of the District Court to the contrary is clearly erroneous and is not entitled to weight on appeal because the District Court erroneously assumed that the burden of proving such exempt occupational status rested upon the appellant.

Section 4, sub. b of the Bankruptcy Act, in so far as it is here pertinent provides:

"Any natural person, except a wage earner or farmer, * * * may be adjudged an involuntary bankrupt * * *. The status of an alleged bankrupt as a wage earner or farmer shall be determined as of the time of the commission of the act of bankruptcy."

The definition of "farmer" for the purpose of Section 4, sub. b is that set forth in Section 1, sub. 17 of the Bankruptcy Act (11 U.S.C.A. § 1, sub. 17). Cf. Benitez v. Bank of Nova Scotia, 313 U.S. 270, 61 S.Ct. 953, 85 L.Ed. 1324.[1] Section 1, sub. 17 defines "farmer" as follows:

" 'Farmer' shall mean an individual personally engaged in farming or tillage of the soil, and shall include an individual personally engaged in dairy farming or in the production of poultry, livestock, or poultry or livestock products in their unmanufactured state, *if the principal part of his income is derived from any*

one or more of such operations;" (emphasis supplied.)

From a careful examination of the record we not only conclude that it amply supports the District Court's conclusion with respect to the occupational status of the appellant but we are of the opinion the evidence is such that the mistaken notion of the District Court as to who had the burden of proof on that issue[2] could not have prejudicially affected any substantial right of the appellant nor, on the record in this case, does it require that we reject the District Court's conclusion or apply a standard different from or more stringent than that which normally would govern the review of the District Court's action.

The record does disclose that the appellant, for reasons of health and to escape business pressures, did personally perform some farm work in the evenings, on Sundays, and some afternoons, on four farm properties he owned. But it is equally evident that his farming activities. were not his principal occupation and that the principal part of his income was not derived from such operation.

During the period pertinent to the issue here involved, and for some years prior thereto, his occupation was that of manager of a retail farm implement business employing 11 to 13 persons and grossing approximately one million dollars annually.

The appellant did not reside on a farm but in the City of Amboy, Illinois. He was the president of, the manager, principal shareholder, and for all practical purposes he completely owned, a corporation engaged in operating a retail farm machinery and implement business. He had been so engaged for a number of years. During 1961 appellant did per-

---

1. For the purpose of Section 75 of the Bankruptcy Act (11 U.S.C.A. § 203), which governs agricultural compositions and extensions, "farmer" is defined therein (75, sub. r) as *either* an individual who is "primarily bona fide personally engaged in" *or* "the principal part of whose income is derived from" activities of the

type also described in Section 1, sub. 17.

2. The District Court was in error in stating, in effect, that the appellant had the burden of establishing that he qualified for exemption as a farmer. In re Brais, 7 Cir., 15 F.2d 693, 694; Gilkey v. National Alumni, 6 Cir., 288 F. 196.

sonally perform some of the farm work on the four farms, some 870 acres in all, he had acquired a year or two earlier, mostly in trade for stock in his corporation, and subject to encumbrances in excess of their value. He performed this work in the evenings, on Sundays, during vacation, and sometimes in the afternoons. Employees of the corporation and farm machinery of the corporation were used to work the farms—the employees being paid from the corporation's account. Other work on the farms was done by use of hired labor and machinery. The farming operation, in its financial aspect, was operated entirely through checking and banking accounts of the corporation.

In August of 1961, appellant entered into a contract to trade his stock in the corporation. The contract was consummated in September, but appellant continued as president and general manager of the corporation, and although he turned in a written resignation as president in October he did not know in December if it had been acted upon. He was manager of the corporation's implement business until November 22, 1961, when it closed because of the replevin of implements by the appellee. Appellant received $6975.00 from the corporation during 1961 as salary—and paid farm operating expenses, alimony and support payments, and drew checks to his own order on the corporation's account, for a total of $104,000.00.

The principal source of appellant's income was his corporation's farm implement business. The record reveals no net income received from the farming operations. The farm operation for 1961 showed a net loss of $5,947.38 according to appellant's income tax return.

The evidence adduced negates a conclusion that appellant was a "farmer" within the meaning of Section 4, sub. b of the Bankruptcy Act. His principal occupation and source of income was the implement business.

The order appealed from is affirmed.

Affirmed.