In re DRIVER.

(District Court, D. New Jersey. September 16, 1918.)

1. BANKRUPTCY ⚬⚬91(1)—PERSON SUBJECT TO ADJUDICATION—BURDEN OF PROOF.

Petitioning creditors have the burden of showing that the debtor did not fall within the classes exempted by Bankruptcy Act, § 4b (Comp. St. 1916, § 9588); but proof that practically all of the indebtedness arose from ventures having no connection whatever with the farm industry cast on debtor, who contended that he was a person engaged chiefly in farming, the burden of establishing that fact.

2. BANKRUPTCY ⚬⚬68—PERSONS SUBJECT TO ADJUDICATION—PERSON CHIEFLY "ENGAGED IN FARMING."

A so-called retired farmer, who incurred considerable indebtedness in indorsing notes in purely commercial ventures, *held* not a person chiefly "engaged in farming," within Bankruptcy Act, § 4b (Comp. St. 1916, § 9588), so as to be exempt from involuntary petition, even though he at times assisted his son, to whom he had rented his farm.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Engage.]

In Bankruptcy. In the matter of Franklin Driver, an alleged bankrupt. On motion to confirm the special master's report recommending adjudication. Motion granted.

Wilson & Carr, of Camden, N. J., for petitioning creditor.

John B. Avis, of Woodbury, N. J., and E. C. Waddington, of Woodstown, N. J., for debtor.

RELLSTAB, District Judge. The question to be determined is whether Franklin Driver was "a person engaged chiefly in farming or the tillage of the soil," so as to bring him within the exemption of section 4b of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 547 [Comp. St. 1916, § 9588]). The special master, to whom the issues raised by the creditor's petition and the debtor's answer were referred, concluded that he was not, and recommended that he be adjudicated a bankrupt. The debtor has but little interest in these proceedings. The contest really is between his secured and unsecured creditors. If the master reached the right conclusion, all creditors will share alike; otherwise, those who obtained judgments (some on confession) will take to the exclusion of the others. Whether a debtor is within the exempted class is a question of fact, to be determined in each case on its own facts.

A careful reading of the testimony in this case leads me to adopt the master's recommendation. The debtor was the owner of three farms, and at one time was unquestionably a farmer. In 1912 he moved from the farms he had theretofore occupied to a dwelling which he had built in a town near by, where he has since lived. He sold all his stock and farming implements and rented his farms on shares. Two of these

⚬⚬For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

were so rented by his youngest son at and for some time before these proceedings were begun. During the last two years of the period that the debtor rented his farms, he indorsed a number of notes used by others in the promotion of several commercial ventures. What Driver expected to realize from these ventures is not clear. He, though prodded to do so, could not or would not give an intelligent account why he indorsed such notes, or what he was to get for thus lending his credit. He held stock in one of the enterprises thus aided, and he admits that he expected to gain something by reason of his indorsements. These notes were not paid at maturity, and Driver found himself obligated to pay sums aggregating an amount far exceeding the value of his property. He admits that he has practically no other debts, so that, except for his ventures into fields foreign to farming or tilling the soil, he would be substantially free of all indebtedness. However, that fact is not controlling upon the question of the bankruptcy court's jurisdiction, any more than is the fact that, unless the court can administer his property, some creditors will be favored over others.

[1] But such facts are not to be ignored, as not possessing any persuasive force. The latter is contrary to the manifest purpose of the Bankruptcy Act, and the former is so exceptional as to suggest that it is not likely to exist when the debtor is chiefly engaged in farming or tilling the soil. In re Leland (D. C.) 185 Fed. 830, 832, 25 Am. Bankr. Rep. 209. While, on the question of jurisdiction, the burden is on the petitioning creditors to show that the debtor is not within the exempted class, that burden is fully met when, as in this case, it is shown that practically all the indebtedness arose from ventures having no connection whatever with the farming industry. After such a showing, the burden shifted to the debtor, to prove that he was within the exempted class.

[2] Has he met this burden? During the period that the son rented these farms, the debtor occasionally helped him in working them. This service and a little gardening, which the debtor carried on for the benefit of his own table, constitute all the tilling of the soil which he has performed since he retired from active farming in 1912. Except for so helping his son, there would be nothing to support the debtor's claim that he was exempt from involuntary bankruptcy, for surely mere gardening for his own use would not entitle him to exemption. He had no control over the operations of any of his farms, and he had no responsibility for their management. His service to his son was rendered during a period when farm labor was abnormally scarce, and, although both father and son say that the father was to render such help as a part of the agreement under which the son rented his two farms, such services in the related circumstances must be considered as an accommodation, given in case of necessity, rather than a definite employment as a farmer or tiller of the soil. From the time that the debtor sold his stock and farming implements, and rented his farms, he became what is popularly known as a "retired farmer." His raising garden products for his own use did not keep him within the exempted class, nor was he restored thereto because he subsequently, under the

stress of labor shortage, occasionally helped his son in the planting or marketing of the crops.

The father's help at these times, in principle, differs in no way from that rendered by his daughter during the same period. What more natural than that they should come to the son's and brother's rescue when labor was needed and could not be had from outside sources. Could the daughter be held to be exempt because she rendered such service? Manifestly not. Why, then, the father? Paternal interest in his youngest son's farming venture and solicitude for the crops, lest they should suffer from lack of help, sufficiently account for the father's aid in this case. That such shortage of labor was anticipated when the agreement to rent these farms was made shows foresight, but does not require a different conclusion. That paternal interest did not furnish the only motive for making the promise or rendering the help, and that the father, in helping out his son, was also helping himself, through his share of the crops, do not change the character of the service thus rendered by him, and bring him within the exempted class.

In view of Driver's retirement from active farming and his entrance into the field of speculative financial ventures, from which ventures resulted practically his entire indebtedness, the occasional services rendered by him on the farms rented to his son cannot be said to stamp him as "a person engaged chiefly in farming or the tillage of the soil," within the meaning of the Bankruptcy Act.

A decree adjudicating Driver a bankrupt will be made.