## In re GLICK.

## GLICK et al. v. FIRST NAT. BANK OF COLUMBUS, IND.

Circuit Court of Appeals, Seventh Circuit.
May 28, 1928.

Rehearing Denied June 29, 1928.

No. 4017.

1. **Bankruptcy ⬦68—Owner, assisting in operation of farm after removal therefrom, held exempt from bankruptcy as "person chiefly engaged in farming."**

Owner of farm, removing therefrom under agreement with tenant for operation whereby part of equipment was furnished by owner, who also agreed to help with work thereon as he was able and when it was needed, and providing for consultation about rotation of crops and marketing of products, *held* exempt from bankruptcy as a "person chiefly engaged in farming" or tillage of the soil.

2. **Bankruptcy ⬦67—Status of alleged bankrupt as to exemption is determinable as of date of alleged acts of bankruptcy.**

Status of alleged bankrupt, as to whether he is within exempted class, is to be determined as of the date of commission of alleged acts of bankruptcy.

3. **Bankruptcy ⬦67—Whether debtor is within exempted class is determinable in each case on its own facts.**

Whether a debtor is within class exempted from bankruptcy is a question of fact, to be determined in each case on its own facts and on all the facts.

Appeal from the District Court of the United States for the District of Indiana, Indianapolis Division.

Application by the First National Bank of Columbus, Ind., to have Joseph C. Glick adjudged a bankrupt. From an order adjudging bankruptcy, Joseph C. Glick and certain creditors appeal. Reversed and remanded, with directions.

Geo. W. Long, of Columbus, Ind., for appellants.

Wm. D. Bain, of Indianapolis, Ind., for appellee.

Before ALSCHULER and ANDERSON, Circuit Judges.

ANDERSON, Circuit Judge. Appellee filed its petition to have appellant Joseph C. Glick adjudged a bankrupt, alleging that

he was neither a wage-earner nor a person engaged chiefly in farming or the tillage of the soil. Answers were filed by Glick and by two of his creditors (coappellants herein), admitting all the allegations of the petition, except the averment that he was not a person chiefly engaged in farming or the tillage of the soil, and averring that he was such person. On this issue the matter was referred to a special master.

On the hearing before the master it was agreed that the sole question was whether Glick was within the exception, and the evidence was directed to that issue alone. The master found:

That the alleged bankrupt, Glick, is the owner of a farm of some 200 acres, located in Bartholomew county, Ind., and for a number of years prior to October 1, 1919, lived upon and operated said farm.

That on or about October 1, 1919, he removed from the farm to a residence in the city of Columbus, Bartholomew county, Ind.

That at the time he removed from his farm, or shortly prior thereto, he entered into a verbal agreement with his son-in-law, Amick, the terms of which said agreement were as follows:

Amick and his family were to occupy the farm from and after October 1, 1919; Amick was to furnish all labor for operating said farm, except that Glick was to pay for the fencing and ditching; Glick was to help with the work on the farm, without pay, when he desired to do so; the tools and mechanical equipment were to belong to Amick; the teams and the power for operating the equipment were to be furnished by Amick; the cows and hogs were to belong jointly to the parties; the expense of threshing grain was to be borne jointly and equally by the parties; grain produced upon the farm was to be used for feeding the cows and hogs, and the balance sold, the proceeds of the sale to be divided equally between the parties; the parties were to bear, in equal shares, the cost of purchasing seed and fertilizer.

That, pursuant to the terms of this agreement, Amick moved upon and occupied the farm on or about October 1, 1919, and remained there until September 1, 1927.

That April 28, 1927, Amick became a voluntary bankrupt.

That from October 1, 1919, until April 28, 1927, Amick's occupancy of said farm was under the terms of the agreement between Glick and himself, and during said period Amick furnished the labor for operating said farm, except such as was needed for ditching and fencing, and such as was voluntarily performed by Glick.

That Glick worked upon the farm at various times and for brief periods during the period from October 1, 1919, to April 28, 1927; and during that period he had no active vocation which required from him any considerable amount of effort and attention, except that from October 1, 1923, until some time in September, 1925, said Glick was employed by the Farmers' Marketing Association in connection with the operation of a creamery business conducted by that organization; and during the period of such employment Glick continued to devote some of his time to working upon said farm.

That the work performed by Glick upon the farm during the period from October 1, 1919, to April 28, 1927, was not performed at regular or stated times, and did not consist of any particular kind of work; but said Glick, at irregular intervals and for short periods of time, worked at the various kinds of work that are usually performed' upon farms of the size and character of his farm, and said work was done voluntarily by Glick, in such amounts and at such times as he chose to perform the same.

That during the period from October 1, 1919, until April 28, 1927, Glick and Amick consulted together about the rotation of crops on said farm and upon the marketing of products thereof, and said rotation and said marketing were done as agreed upon between said parties.

That after April 28, 1927, Glick did and performed no labor on said farm until he resumed occupation thereof on or about September 1, 1927.

Upon these facts the master concluded that Glick was not a person chiefly engaged in farming or the tillage of the soil, and so reported to the court. The report was approved by the court, and Glick was accordingly adjudged a bankrupt.

The master based his conclusion upon two propositions: (a) That Glick did not himself have the direction and control of the operations of his farm; and (b) that he was not obligated, under the terms of the agreement with his son-in-law, to expend any of his own time and effort in working on the farm.

[1] The master found that Glick and Amick consulted together about the rotation of crops and upon the marketing of the products, and that the rotation and marketing were "done as agreed upon between the parties." This means nothing if it does not mean that Glick—together with Amick—di-

rected the rotation of crops and controlled the operations of the farm. It is a finding that Glick was engaged in such direction and control.

The principal ground upon which the master based his conclusion that Glick was not a farmer was that under the agreement he was not "obligated" to work upon the farm, but that whatever work he did was done voluntarily and in such amounts and at such times as he chose to perform the same.

The evidence warrants a fuller statement of what the contract was. Glick testified, and there was no contradiction of this testimony, that the agreement was that he was to help when he felt like it, or "when they got in a pinch and needed help"; that he was not as strong as he had been in his early years, and did not want to be required to do hard labor. The evidence shows that the kind of work that he did after the agreement, and the amount of it, were in accordance with this testimony. The evidence, as a whole, does not warrant the conclusion that Glick had not obligated himself—that is, had not agreed—to expend any of his own time and effort in working the farm. He agreed to help as he was able to and when he was needed, and he kept his agreement.

[2] The general rule is that the status of the alleged bankrupt—whether he is within the exempted class—is to be determined as of the date of the commission of the alleged acts of bankruptcy. Flickinger v. First Natl. Bank (C. C. A.) 145 F. 162. The acts here are alleged to have occurred on May 3, 1927. The master found that Amick went into bankruptcy on April 28, 1927, and he confines his findings as to Glick's activities on the farm to a period ending on the day of Amick's going into bankruptcy. This was five days before the acts of bankruptcy alleged to have been committed by Glick. Glick's occupation was not changed by Amick's voluntary bankruptcy. There is no evidence indicating any change in Glick's vocation between April 28, 1927, and May 3, 1927. If he was chiefly engaged in farming on the former date, he was so engaged on the latter.

We said in Brais v. Martin, 15 F.(2d) 693: "For the purpose of determining whether a person is subject to an involuntary adjudication, one must have some vocation." From September, 1925, until the time of the filing of the petition, June 3, 1927, Glick had no vocation whatever, unless it was farming and tilling the soil.

[3] Whether a debtor is within the exempted class is a question of fact, to be determined in each case on its own facts and all of the facts. Upon consideration of all the facts we conclude that Glick is within the exempted class.

Reversed and remanded, with direction to dismiss the petition.