**In re PARMER.**

No. 9004.

District Court, M. D. Pennsylvania.

Nov. 24, 1936.

A. J. White Hutton and John A. Smarsh, both of Chambersburg, Pa., for debtor.

Frank B. Garman, of Greencastle, Pa., in pro. per.

JOHNSON, District Judge.

This case is before the court on exceptions to a report of the Conciliation Com-

missioner recommending the dismissal of debtor's petition under section 75 of the Bankruptcy Act as amended (11 U.S.C.A. § 203).

The petition for relief under section 75 was filed by Rhoda E. Beard Parmer, individually, and as a personal representative of John B. Parmer, her deceased husband.

The Conciliation Commissioner found as a fact that John B. Parmer, and after his death Rhoda E. Beard Parmer, conducted a business of stone crushing and threshing, and concluded as a matter of law that the debtor, Rhoda E. Beard Parmer, is not a farmer. He failed to find whether the deceased husband was a farmer at the time of his death or whether the debtor, Rhoda E. Beard Parmer, is a farmer notwithstanding being engaged in other business enterprises.

The evidence shows that John B. Parmer, prior to his death, owned and operated a 25-acre farm in Antrim township, Franklin county, Pa. He had lived on the farm for 58 years. He also did some stone crushing and some threshing and had machinery for that purpose. After his death his wife came into possession of the farm and the machinery and continued to carry on the farming and other operations in about the same way as her husband. She had lived on the farm for 23 years and continues to live there at present with her son and one Clever who together operate the farm. Some type of agreement has been made with Clever, who pays $120 a year "to stay there and have a home." In addition, Rhoda E. Beard Parmer derives as farm income certain of the produce raised on the farm which is used in kind to support her and her livestock. She, to a limited extent, engaged in stone crushing and threshing. The gross income from the stone crushing for the past year was $150, half of which was expenses. In the past year about 12 threshing jobs were done which resulted in a loss. Notwithstanding the fact that Mrs. Parmer engages in crushing stone and threshing, as her husband had done, and the Commissioner so found, the Commissioner should also have found, as the evidence clearly shows, that John E. Parmer, at the time of his death, was a farmer and was primarily engaged in bona fide farm operations in Antrim township, Franklin county, Pa., that Rhoda E. Beard Parmer is a farmer and is primarily engaged in bona fide farm operations in Antrim township, Franklin county, and the principal part of her income is derived from farm operations.

From the foregoing findings of fact, the court concludes as a matter of law that Rhoda E. Beard Parmer individually and as personal representative of John B. Parmer, deceased, is entitled to the benefits of section 75 of the Bankruptcy Act as amended (11 U.S.C.A. § 203). See In re Brais (C.C.A.) 15 F.(2d) 693; In re Cox (D.C.) 9 F.Supp. 244; In re Knight (D.C.) 9 F.Supp. 502; In re Plumer (D.C.) 9 F. Supp. 923; In re Agnes D. Cooke, 27 A. B.R.(N.S.) 500.

And now, November 24, 1936, the rule on Frank B. Garman, execution creditor, and J. H. Huber, sheriff, to show cause why an injunction should not issue to prevent further proceedings in the execution, is made absolute and the temporary restraining order is made permanent and the Conciliation Commissioner is directed to take such further proceedings as are required by section 75 of the Bankruptcy Act, as amended (11 U.S.C.A. § 203).